## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (ALEXANDRIA DIVISION)

| | |
|---|---|
| MANUEL ALEMAN<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>RAUL SANCHEZ<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>     PLAINTIFF,<br><br>        v.<br><br>JM RESTAURANT, LLC<br>D/B/A JASMINE GARDEN RESTAURANT<br>8106 Arlington Boulevard<br>Falls Church, Virginia 22042<br><br>SERVE: Rachel Tse<br>5517 Willow Valley Road<br>Clifton, Virginia 20124<br><br>And<br><br>RACHEL TSE<br>5517 Willow Valley Road<br>Clifton, Virginia 20124<br><br>     DEFENDANTS | Case No:    1:17-cv-00134 |

## COMPLAINT

Plaintiffs Manuel Aleman and Raul Sanchez (together, "Plaintiffs"), by and through

undersigned counsel, hereby submit their Complaint against JM Restaurant, LLC d/b/a Jasmine

Garden Restaurant ("Jasmine Garden") and Rachel Tse ("Tse") (together, "Defendants") to

recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under the

Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff hereby affirm their consent to participate as plaintiffs in an action under the FLSA and for all relief requested herein.

2.      Jasmine Garden is a limited liability company formed under the laws of the Commonwealth of Virginia with a primary office (a restaurant featuring Asian-style cuisine) in Falls Church, Virginia.

3.      At all times, Tse was the primary owner and managing member of Jasmine Garden.  In this capacity, Tse was Plaintiffs' most senior manager and supervisor, had authority to hire, fire, and discipline Plaintiffs, set Plaintiffs' weekly schedule, work hours, and work duties, set Plaintiffs' rate and method of pay, oversaw the maintenance of all employment records relating to Plaintiffs, and was generally in charge of all day-to-day operations of Jasmine Garden.

4.      At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

5.      At all times, Defendants and their employees, including Plaintiffs, used in business operations and work duties materials, products, and goods (namely food products) that originated from outside the Commonwealth of Virginia, and otherwise engaged in interstate commerce such that Defendants qualified as an enterprise within the meaning of the FLSA.

6.      At all times relevant to this action, both Defendants qualified as Plaintiffs' employers under the FLSA and are jointly and severally liable for unpaid wages and all other FLSA damages sought by Plaintiffs in this action.

## FACTS

7.     Manuel Aleman was employed by Defendants to perform food preparation, cleaning, dishwashing, and delivery related work duties at Defendants' Jasmine Garden Restaurant in Falls Church, Virginia for the period of about 2004 through about May 2016.

8.     Raul Sanchez is currently employed by Defendants and, since the commencement of his employment in about 2004, has performed food preparation, cleaning, dishwashing, and busboy related work duties at Defendants' Jasmine Garden Restaurant in Falls Church, Virginia.

9.     At all times, Defendants have had knowledge of all hours Plaintiffs worked each week and directed Plaintiffs to work all hours herein alleged.

10.     Throughout Plaintiffs' employment, Plaintiffs have typically worked six twelve hour shifts week per week for a total of about seventy-two (72) hours per week.

11.     Typically, Plaintiffs' shifts started between 9:00 AM – 10:00 PM and concluded between 9:00 PM and 10:00 PM allowing occasionally for a 15-20-minute meal break during the day.

12.     In or about 2015, Defendants received notice that a co-worker of Plaintiffs was suing or threatening to sue for an overtime compensation violation. Following this notice, Defendants required Plaintiffs to sign in upon arrival in the morning and sign out at or about 3:00 PM. Notwithstanding these manufactured records, Plaintiffs did not conclude work duties at 3:00 PM. To the contrary, Defendants required Plaintiffs to work until 9:00 PM or 10:00 PM per usual. Defendants only required Plaintiffs to "sign out" to attempt to hide the extremely long hours Plaintiffs were required to work and Defendants' ongoing and willful wage payment violations.

13.     For all hours Plaintiffs worked, including overtime hours worked more than forty (40) per week, Defendants paid Plaintiffs at a flat salary rate ranging from about $1,600.00 per month to about $2,000.00 per month.

14.     At all times, the typical hourly rate range at which Defendants paid Plaintiffs was less than the Federal Minimum Wage ($7.25 per hour)

| Montly Salary | Weekly Salary | Hours Per Week | Regular Hourly Rate |
|---|---|---|---|
| $1,600.00 | $369.23 | 72 | $5.13 |
| $2,000.00 | $461.54 | 72 | $6.41 |

15.     Pursuant to the FLSA, Defendants were obligated to pay Plaintiffs at the rate equal to the higher of one-and-one half (1½) times their regular hourly rate or one-and-one-half (1 ½) times the Federal Minimum Wage ($7.25 * 1.5 = $10.88) for all overtime hours worked more than forty (40) per week.

16.     At all times, Defendants paid Plaintiffs straight-pay at a sub-minimum wage rate that was less than the FLSA required overtime rate for hours worked more than forty (40) per week.

17.     At all times, Defendants had actual knowledge of the FLSA minimum wage and overtime pay requirement and had knowledge that the rate and method by which Defendants paid Plaintiffs was in direct violation of the FLSA.

18.     At no time did Defendants ever post any notice at its place of business that the FLSA requires compensation at or about the Federal Minimum Wage or time-and-one-half wages be paid for hours worked over forty (40) per week; that Plaintiffs had the right to go to the

Department of Labor or to file a lawsuit to recover unpaid wages under the FLSA; or that the

FLSA has a strict anti-retaliation provision that would make it illegal for Defendants to retaliate

against Plaintiffs for asserting rights under the FLSA to recover unpaid wages under the FLSA.

19.     Because Defendants failed to post required FLSA notices, Plaintiffs did not have

knowledge of their FLSA minimum overtime rights (or how to enforce those rights) until

Plaintiffs retained counsel in this matter on January 31, 2017.

20.     Because Defendants failed to post required FLSA notices, Plaintiffs' claim to

recover unpaid wages and damages under the FLSA is equitably tolled to the beginning of their

employment period in 2004. *See* 29 C.F.R. § 516.4; *Cruz v. Maypa*, 773 F.3d 138, 146-47 (4th

Cir. 2014).

### CAUSE OF ACTION
**(Violation of Federal Fair Labor Standards Act)**

21.     Plaintiffs re-allege and reassert every allegation set forth above as if each were set

forth herein.

22.     As set forth above, Defendants failed to pay Plaintiffs at the FLSA required

Minimum Wage Rate for all non-overtime hours worked while in Defendants' employment.

23.      As set forth above, Defendants failed to pay Plaintiffs at the FLSA required

overtime rate for hours worked more than forty (40) per week while in Defendants' employment.

24.     Defendants' failure to pay Plaintiffs as required by the FLSA was with actual

knowledge of illegality and was therefore willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for all unpaid

wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest

(both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other

and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

6