IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | | |
|---|---|---|
| MANUEL ALEMAN, ET AL. | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | Case No: 1:17-cv-134-AJT-MSN |
| | * | |
| JM RESTAURANT, LLC, ET AL. | * | |
| | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

COMES NOW, Plaintiffs Manuel Aleman, Raul Sanchez, and Ruben Portillo Diaz and Defendants JM Restaurant, LLC d/b/a Jasmine Garden Restaurant and Rachel Tse, by and through undersigned counsel to jointly seek approval of their settlement of Plaintiff's claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

### I.   THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

An employee may only release claims for wages pursuant to the FLSA under the supervision of the Secretary of Labor or by Court approval. To this end, courts have held that the parties must file the Settlement Agreement with the Court for review and approval for reasonableness. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Hoffman v. First Student, Inc.*, 2010 U.S. Dist. LEXIS 27329 (D. Md. 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010). This Court considers the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the

>absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10-11 (E.D. Va. 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. 2010) (citing *Lomascolo* in rejecting motion which did not address those factors).

Plaintiffs performed food preparation and related kitchen duties for Defendants at various times between 2004 and the present. During the period of Plaintiffs' employment, Plaintiffs allege they each regularly worked over sixty (60) hours per week for which Defendants paid Plaintiff at a salary rate that paid Plaintiffs straight-time pay at their regular hourly rate for all hours worked, including overtime worked more than forty (40) hours per week. Plaintiffs contends each are now entitled to unpaid "half time" overtime premiums for overtime hours worked, plus liquidated damages in an equal amount, and an award of attorney's fees and costs. Plaintiffs alleged they were paid a flat monthly salary, whereas the Defendants contended the Plaintiffs were paid at the rate of the federal minimum wage, time-and-a-half for all overtime hours at a rate based on the federal minimum wage, as well as provided bonus payments. Defendants disagree that Plaintiffs have any entitlement to overtime wages under the FLSA. Defendants contend Plaintiffs took substantial breaks during their work day between lunch and dinner service, in addition to meal periods breaks of thirty (30) minutes or more, and did not in fact perform compensable work duties for more than forty (40) hours in any week. In the alternative, Defendants assert that if any Plaintiff did work overtime, it is far fewer hours than Plaintiffs allege and that any alleged failure by Defendants to pay wages for overtime hours Plaintiffs may have worked was the product of an

objectively reasonable mistake, was in good faith, and therefore liquidated or enhanced damages are not appropriate. Defendants further alleged that alleged unpaid overtime hours were due to Plaintiffs failure to adhere to Defendants' record keeping policies, including a failure to clock-in-and-out from work.

The parties together recognized this case should settle rather than endure the risks, uncertainties, and increased fees and costs associated with prolonged litigation. The parties engaged in voluntary discovery and Defendants allowed Plaintiffs to review time and pay records in Defendants' possession.

. Defendants produced employment records related to Plaintiffs' time and pay records. While some records were not complete, the records did successfully cast substantial doubt as to the accuracy of the allegations Plaintiffs have presented in this case. Defendants alleged Plaintiffs attempted to frustrate their record keeping by failing to clock-in-and-out of work. Defendants denied Plaintiffs allegation that they worked twelve hour days and that they consistently worked six days a week. The stark differences between Defendants time and pay records as well as other risks associated with continued litigation motivated a the settlement of this matter.

The settlement between the parties, which is memorialized as the Settlement Agreement attached to this Motion, is in the total amount of Forty-Five Thousand Dollars divided: $8,800.00 to Plaintiff Manuel Aleman; $8,800.00 to Plaintiff Raul Sanchez; $8,800.00 to Plaintiff Ruben Portillo Diz; and $18,600.00 to Plaintiff's counsel for attorney's fees and costs.[1]

---

[1] Plaintiff's counsel represented Plaintiffs on a contingency basis in this matter. The amount for fees and costs awarded in the settlement is a product of the contingency arrangement. The contingency recovery of fees and costs is premium above Plaintiff's counsel's lodestar fees and costs in this matter of $11,778.82 (37.4 billed hours * $300.00 per hour = $11,220.00) + ($558.82 Litigation Costs) =

In that the Parties understood the scope of potential damages, counsel for the parties negotiated a Settlement Amount with monetary and non-monetary terms at arms-length. There was no fraud or collusion in the agreement.  Prior to the settlement, each Plaintiff was given an opportunity to review documents relating to his wage claim, considered the potential value of his claims, strongly considered the strength of Defendants' defenses, and concluded that the proposed settlement provides a fair, reasonable and expeditious resolution of his claims. Defendants support this result because it eliminates the uncertainties, risks, delay and expenses of further litigation.

As to the fourth factor, Plaintiffs' counsel has extensive experience in investigating, litigating, and settling FLSA claims. Zipin, Amster & Greenberg, LLC has litigated numerous FLSA claims in this Court, the United States District Court for Maryland, the United States District Court for the District of Columbia, and various other Federal and State Courts across the country.  Plaintiffs' counsel is well equipped to advise, and has advised, each Plaintiff as to the suitability of the settlement proposed by the parties to this case. Thatcher Law Firm, LLC has successfully represented parties in FLSA claims in the United States District Court for Maryland, the United States District Court for the District of Columbia, and various other State courts.

The fifth factor is not relevant here as this matter.  Plaintiffs never sought to have this matter certified or conditionally certified as a collective action.  Plaintiffs have settled only their individual claims against Defendants.  Plaintiffs' settlement has no effect on the potential claims of any other current or former employee of Defendants.

---

$11,778.82).  However, this premium is warranted because Plaintiff's counsel took a substantial risk representing Plaintiffs on a contingency basis, achieved a mutually agreeable result reaching an early settlement to the satisfaction of all three Plaintiffs, and will be receiving payment over a period of several months rather than prompt payment in a single lump sum.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*

Here, Plaintiffs entitlement to unpaid wages and/or the amount of unpaid wages owed by Defendants to Plaintiffs was at all times in fierce dispute. The parties understood that, with starkly different factual legal positions and incomplete records relating to Plaintiffs' employment, both sides bore a substantial risk if the matter proceeded to trial. Both sides recognized and accepted a less-than-full value of settlement as the wise resolution of Plaintiffs' claims.

Moreover, Plaintiffs understand that, by entering into the Settlement Agreement, and in consideration of the promises made by the Defendants as set forth therein, Plaintiffs are each agreeing (i) to dismiss the lawsuit with prejudice; and, furthermore (ii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that he may have had under the FLSA or otherwise in connection with Plaintiffs' employment prior to the date of the Settlement Agreement. Plaintiffs acknowledge their decision to settle his lawsuit is voluntarily made of his own accord, without any pressure, coercion or undue influence by anyone.

## II. <u>CONCLUSION</u>

Therefore, the parties jointly request that this Court approve their Settlement Agreement as fair and reasonable, and suspend this matter from the active document pending the parties'

compliance with the payment terms of the Settlement Agreement.  <u>Moreover, to avoid additional attorney's fees and costs on both sides, and to expedite the settlement, the parties jointly request this Court to approve this settlement without oral argument.</u>

                        Respectfully submitted,

                        /s/ Gregg C. Greenberg
                        Gregg C. Greenberg, VA Bar No. 79610
                        Zipin, Amster & Greenberg, LLC
                        8757 Georgia Avenue, Suite 400
                        Silver Spring, Maryland 20910
                        Phone:  (301) 587-9373
                        Fax:  (240) 839-9142
                        Email:  ggreenberg@zagfirm.com

                        *Counsel for Plaintiff*


                        /s/  Lindsay A. Freedman
                        Lindsay A. Freedman, Bar No. 90725
                        THATCHER LAW FIRM, LLC
                        7849 Belle Point Drive
                        Belle Point Office Park
                        Greenbelt, Maryland 20770

                        P (301) 441-1400
                        F (301) 441-9602
                        Email: Laf@thatcherlaw.com

                        *Counsel for Defendants*,
                        (JM Restaurant LLC (d/b/a Jasmine Garden Restaurant) and Rachel Tse)